UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| JANET HERZOG, | | |
| | Plaintiff | DECISION AND ORDER |
| -vs- | | |
| | | 10-CV-6518 CJS |
| DELPHI CORPORATION, | | |
| | Defendant | |

_____

APPEARANCES

| | |
|---|---|
| For Plaintiff: | Steven LaPrade, Esq. |
| | Christina A. Agola, Esq. |
| | 1415 Monroe Avenue |
| | Rochester, New York 14618 |
| For Defendant: | James C. Holahan, Esq. |
| | Bond Schoeneck & King PLLC |
| | 350 Linden Oaks, Suite 310 |
| | Rochester, New York 14625 |

INTRODUCTION

This is an action in which Janet Herzog ("Plaintiff") alleges that her former employer, which, at the time, was called Delphi Corporation, discriminated against her, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the New York Human Rights Law, Executive Law § 296 ("NYHRL").  Unfortunately for Plaintiff, the Delphi Corporation that she sued is not the same Delphi Corporation by which she was employed.  Now before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim, Docket No. [#5], and Plaintiff's cross-motion [#9] for an extension of time in which to serve process and for leave to amend the Complaint.

BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiff's Complaint. From September 1997 until March 2009, Plaintiff was employed by an entity formerly known as Delphi Corporation.  Plaintiff maintains that she was discriminated against during that period, on the basis of physical disabilities.  On September 10, 2010, Plaintiff commenced this action.  On May 18, 2011, Plaintiff served a summons and a copy of the Complaint on "Delphi Corporation at 5500 W. Henrietta Rd," in "West Henrietta, NY 14467." See, Affidavit of Service [#4].

On June 8, 2011, Defendant filed the subject motion to dismiss, on the grounds that Plaintiff has sued and served the wrong corporation.  According to Defendant, Plaintiff was employed by the company formerly known as Delphi Corporation ("Old Delphi").  In 2005, Old Delphi filed for Chapter 11 bankruptcy, after which it continued to operate and employ Plaintiff.  In March 2009, while it was still in bankruptcy, Old Delphi terminated Plaintiff's employment.  In October 2009, Old Delphi emerged from bankruptcy and changed its name to DPH Holdings ("DPH").  Accordingly, Plaintiff's former employer is now known as DPH.  Also in October 2009, a new corporation was formed under the name Delphi Corporation ("New Delphi").  Plaintiff was unaware of these changes, and erroneously sued and served New Delphi instead of Old Delphi/DPH.  Accordingly, New Delphi maintains that the Complaint must be dismissed.

Plaintiff acknowledges her mistake, and on September 12, 2011, she filed the subject cross-motion, for leave to amend the Complaint, "to correct the name of the legal defendant from 'Delphi Corporation' to 'DPH Holdings Corp. f/k/a Delphi Corporation.'" Pl. Memo of Law [#9-1] at p. 1.  Additionally, Plaintiff asks for an

extension of time to serve Old Delphi/DPH, pursuant to FRCP 4(m).  New Delphi has not responded to Plaintiff's cross-motion, since it has no stake in the outcome of that application.

On February 16, 2012, counsel for the parties appeared before the undersigned for oral argument of the motions.  At that time, counsel indicated that they have no objection to each other's applications.  New Delphi's counsel indicated, however, that he believes it would be futile for Plaintiff to continue this action against Old Delphi/DPH, since any claim that Plaintiff had was discharged as part of Old Delphi/DPH's bankruptcy.  In response, Plaintiff's counsel, Mr. LaPrade, agreed that he would investigate this issue and send the Court a letter, within thirty days, indicating whether Plaintiff is going to continue this action.

ANALYSIS

Defendant's unopposed motion to dismiss is granted.  Plaintiff's unopposed cross-motion for leave to amend the Complaint, to name "DPH Holdings Corp. f/k/a Delphi Corporation" as the defendant in this action, is also granted.  In addition, Plaintiff's cross-motion for an extension of time to serve process, pursuant to FRCP 4(m), is granted, and Plaintiff shall file and serve such amended pleading within twenty (20) days of the date of this Decision and Order.

Plaintiff also asks the Court to rule that the amended complaint will relate back to the filing of this action.  The pertinent rule states:

**(c) Relation Back of Amendments.**

(1) **When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:

>>(A) the law that provides the applicable statute of limitations allows relation back;
>>
>>(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>>
>>(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c) (West 2012). The foregoing provision provides that the party to be added must receive notice of the action "within the period provided by Rule 4(m)," and in that regard, the 1991 Amendment Committee Notes indicate that, "[i]n allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, *but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted*[.]" (emphasis added).

Here, the Court previously extended Plaintiff's time to serve the process in this action, up to and including May 26, 2011. See, Order [#3]. Plaintiff succeed in serving New Delphi within that period. However, there is no indication before the Court that Old Delphi/DPH has ever received notice of *this action*[1] to date. Accordingly, at the present

---

[1] Plaintiff notes that Old Delphi/DPH received notice of Plaintiff's EEOC complaint, but that is a different action.

time, Plaintiff has not demonstrated that relation back should apply. However, as noted above, the Court is granting Plaintiff an addition twenty (20) days to serve the amended complaint, pursuant to FRCP 4(m). If Plaintiff completes service within that time, and if Old Delphi/DPH subsequently raises a statute of limitations issue, the Court will address the "relation back" issue at that time.

## CONCLUSION

Defendant's motion to dismiss [#5] is granted, and the Clerk of the Court is directed to terminate Delphi Corporation as a party to this action. Plaintiff's cross-motion [#9] for leave to amend, and for an extension of time to serve the amended pleading, is granted in part and denied in part, as follows: Plaintiff is granted leave to amend the Complaint to name "DPH Holdings Corp. f/k/a Delphi Corporation" as the defendant in this action, and is further granted leave to file and serve such amended pleading within twenty (20) days of the date of this Decision and Order, but her request for a ruling that the amended pleading will relate back to the filing of the action, pursuant to FRCP 15(c), is denied without prejudice. Additionally, within thirty days, Plaintiff's counsel shall inform the Court in writing whether this action is barred by Old Delphi/DPH's bankruptcy.

SO ORDERED.

Dated: Rochester, New York
    March 6, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge